**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0223n.06

No. 19-6271

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Apr 23, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| SANDRA KINCAID, aka Sandee Kincaid, | ) | THE EASTERN DISTRICT OF |
| | ) | TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |

O R D E R

Before: COOK and THAPAR, Circuit Judges; HOOD, District Judge.[*]

Sandra Kincaid, a federal prisoner proceeding with counsel, appeals the district court's order denying her motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

A jury convicted Kincaid of conspiracy to distribute controlled substances, possession with intent to distribute controlled substances, and conspiracy to commit money laundering. Kincaid's presentence report set forth a guidelines range of life imprisonment, based on a total offense level of 43 and a criminal history category of I. United States Sentencing Guidelines Manual § 5A (U.S. Sentencing Comm'n 2013). The district court sentenced Kincaid to 470 months of imprisonment. Kincaid appealed, and we affirmed her convictions and sentence. *United States v. Kincaid*, 631 F.

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

App'x 276 (6th Cir. 2015). Kincaid then filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) based on her terminal diagnosis of metastatic liver cancer. After considering the sentencing factors under 18 U.S.C. § 3553(a), the district court denied the motion. On appeal, Kincaid argues that the district court abused its discretion by denying her motion.

We review a district court's decision denying compassionate release for an abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).[1] A district court may modify the sentence of a defendant, after considering the applicable § 3553(a) factors, if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Provided that the defendant does not represent a danger to the safety of any other person or the community, extraordinary and compelling reasons exist if "[t]he defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)." USSG § 1B1.13 cmt. n.1.

Because there is no dispute that Kincaid is not a danger and that her terminal illness constitutes an extraordinary and compelling reason, the only issue before us is whether the district court abused its discretion in determining that the § 3553(a) factors weigh against granting her immediate release. Despite Kincaid's assertion that the amount of time served is not a proper basis for denying compassionate release, the need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law permit the court to consider the amount of time served in determining whether a sentence modification is appropriate. Moreover, the district court did not place too much weight on these factors because the court also considered Kincaid's age, her health, the need to avoid unwarranted sentencing disparities, and that she was involved in distributing over 1.6 million Roxycodone 30-milligram pills.

The district court is best situated to balance the § 3553(a) factors. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Because the district court did not rely on an impermissible sentencing

---

[1] The government suggests that we might lack jurisdiction under 18 U.S.C. § 3742(a) to review Kincaid's claims. But § 3742(a) is not jurisdictional—it simply regulates the types of claims which may be brought on appeal. *United States v. Marshall*, 954 F.3d 823 (6th Cir. 2020). And as the government recognizes in its supplemental briefing, it didn't raise the claims-processing argument in its opening brief. So we treat any argument that Kincaid's claim falls outside § 3742(a)'s scope as forfeited and we proceed to the merits.

factor or fail to consider a relevant sentencing factor, the district court did not abuse its discretion in determining that Kincaid was not entitled to early release. *See, e.g.*, *Chambliss*, 948 F.3d at 693-94 (affirming the district court's order denying compassionate release to an inmate with advanced-stage liver cancer and a prognosis of 2-3 months life expectancy).

Accordingly, we **AFFIRM** the district court's order.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk